UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Gary Randal McCoy,

    Plaintiff,

vs.                                                        Case No.:  3:22-cv-302

Collin T. Waychoff,

    Defendant.

## COMPLAINT

Plaintiff, Gary Randal McCoy, sues Defendant, Collin T. Waychoff, and alleges:

### Introduction, Jurisdiction and Venue

1. This is a civil action seeking damages against Defendant for committing unlawful acts under color of law, and depriving Plaintiff of rights secured by the Constitution and laws of the United States.

2. Defendant, Collin T. Waychoff, while acting in his capacity as a Florida Fish and Wildlife Conservation Commission Officer in or around Steinhatchee, Taylor County, Florida, deprived Plaintiff, Gary Randal McCoy, of his liberty without due process of law, thereby depriving Mr. McCoy of his rights, privileges and immunities as guaranteed by the

Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The Fourth Amendment to the Constitution of the United States protects all people, including Mr. McCoy, against unreasonable searches and seizures of their persons. Defendant violated this right by seizing - arresting and detaining - Mr. McCoy against his will without probable cause to believe that he had committed a crime.

4. The Fourteenth Amendment to the Constitution of the United States provides no State shall deprive any person of life, liberty, or property, without due process of law. Defendant violated these rights by seizing - arresting and detaining - Mr. McCoy against his will without probable cause to believe that he had committed a crime.

5. The rights to be free from false arrest and unlawful detention are clearly established: "No right is held more sacred, or is more carefully guarded, by the common law, than the right of every individual to the possession and control of his own person, free from all restraint or interference of others, unless by clear and unquestionable authority of law." Terry v. Ohio, 392 U.S. 1, 9, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)

6. The Court has jurisdiction of this action under 42 U.S.C. § 1983, 28 U.S.C. § 1343, and 28 U.S.C. § 1331.

7. Plaintiff, Gary Randal McCoy, is a citizen and resident of the State of Florida and a citizen of the United States.

8. Defendant, Collin T. Waychoff, Officer I.D. No. WP238, is a citizen and resident of the State of Florida, a citizen of the United States, and – based on Florida Voter Registration Records and Baker County, Florida Property Records – is a resident of Baker County, Florida, which is in the venue of the Jacksonville Division of the Middle District of Florida.

9. Venue is proper under 28 U.S.C. § 1339.

**Allegations Common to Both Counts**

10. Defendant was at all times material to this Complaint, a duly appointed officer of the Florida Fish and Wildlife Conservation Commission (FWC).

11. At all times material to this Complaint, Defendant acted toward Plaintiff under color of the statutes, ordinances, customs, and usage of the State of Florida and the FWC.

12. Plaintiff, Gary Randal McCoy, sues Defendant in his individual capacity.

13. On May 29, 2021, Defendant stopped a boat Mr. McCoy was operating on the waters of the Gulf of Mexico, a few hundred yards offshore, in the vicinity of Grassy Island and Steinhatchee, in Taylor County, Florida. Mr. McCoy was with his wife, two grandchildren, two adult friends, and three friends of his grandchildren.

14. Defendant stopped Mr. McCoy's boat without probable cause to believe Mr. McCoy had committed any crime.

15. With deliberate indifference, callous disregard, or by intentional acts, Defendant falsely arrested Mr. McCoy, and unlawfully detained and

imprisoned him, under the false, pretextual allegation that Mr. McCoy was boating under the influence of alcohol.

16. Breath-alcohol tests of Mr. McCoy after his arrest demonstrate the fraudulent and pretextual nature of Defendant's arrest, detention, and imprisonment of Mr. McCoy. The results of the tests were .028 and .030, far below the legal limit of .080.[1] Mr. McCoy's results were in the range Florida law considers presumptively not impaired, which is .050 or less.[2]

17. As a result of Defendant's unlawful arrest and detention of Mr. McCoy, he suffered embarrassment in front of friends and family, spent approximately three hours in Defendant's custody and 12 hours in jail before a judge released Mr. McCoy the next morning. Mr. McCoy was forced to incur the expense of hiring a lawyer to defend against the boating under the influence charge.

18. Mr. McCoy entered a Deferred Prosecution Agreement regarding the charge of Boating Under the Influence on or about November 2, 2021 as a

---

[1] Florida Statutes § 327.35(1) provides a person is guilty of Boating Under the Influence when he operates a vessel while under the influence of alcoholic beverages to the extent that his normal faculties are impaired or he has a breath-alcohol level of .08 or more grams of alcohol per 210 liters of breath.

[2] Florida Statutes § 316.1974(2)(a) deals with driving - as opposed to boating - under the influence. It offers guidance regarding impairment due to alcohol, providing that a person driving a car with "…breath-alcohol level of .05 or less... is presumed…not under the influence of alcoholic beverages to the extent that his or her normal faculties were impaired."

matter of expediency and without admitting guilt.  Pursuant to the agreement, the State of Florida dismissed the charge.

### Count One – False Arrest under 42 U.S.C. § 1983

19. Plaintiff incorporates the above allegations of paragraphs 1 through 18 into this count.

20. At the time Defendant arrested Mr. McCoy there was not probable cause to believe he had committed any crime, including operating a vessel under the influence of alcoholic beverages.

21. Defendant arrested Mr. McCoy against his will.

22. No reasonable officer would have arrested Mr. McCoy.

23. Defendant intentionally, or with deliberate indifference and callous disregard of Mr. McCoy's rights, deprived Mr. McCoy of his clearly established right to be free of unreasonable searches and seizures, including seizure of his person, in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, by unlawfully arresting him and charging him with a crime he did not commit.

### Count Two – Unlawful Detention under 42 U.S.C. § 1983

24. Plaintiff incorporates the above allegations of paragraphs 1 through 18 and 20 through 23 into this count.

25. After arresting Mr. McCoy, Defendant transported Mr. McCoy to the Perry Police Department in Perry, Florida where Mr. McCoy provided two

breath samples to Officer K. Phelps, a Breath Test Operator, of the Perry Police Department.

26. Although the breath-alcohol results showed Mr. McCoy was in the range presumed under Florida law <u>not</u> to be impaired, Defendant continued to detain Mr. McCoy and drove him to the Taylor County Jail, where Defendant booked Mr. McCoy into the jail under the charge of with boating under the influence in violation of Florida Statutes § 327.35(1)(a).

27. Without probable cause to believe Mr. McCoy had committed any crime, Defendant detained Mr. McCoy following his arrest and arranged for his continued detention and imprisonment in the Taylor County Jail.

28. Defendant's detention and imprisonment of Mr. McCoy were against his will.

29. No reasonable officer would have detained Mr. McCoy or charged him with a crime.

30. Defendant intentionally, or with deliberate indifference and callous disregard of Mr. McCoy's rights, deprived Mr. McCoy of his clearly established right to be free of unreasonable searches and seizures, including seizure of his person, in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, by unlawfully detaining him and charging him with a crime he did not commit.

WHEREFORE, Plaintiff, Gary Randal McCoy, demands judgment against Defendant, Collin T. Waychoff, for compensatory damages in excess of $75,000, and punitive damages in an amount to be determined by the trier of fact, plus costs of this action, including attorneys' fees, and such other relief as this Court deems just, proper, and equitable. Further, Plaintiff demands trial by jury.

Respectfully submitted this 16th day of March, 2022.

*s/ James Glober*
James Glober, FL Bar No. 612359

*s/ Bonnie Glober*
Bonnie Glober, FL Bar No. 748307
Attorneys for Plaintiff
Glober + Glober, Attorneys, P.A.
422 Jacksonville Dr., Ste B
Jacksonville Beach, FL 32250
904.633.9999
Fax 904.388.0968
jglober@globerlaw.com
bglober@globerlaw.com

*s/ Jeffrey T. Totty*
Jeffrey T. Totty, FL Bar No. 931861
Co-Counsel for Plaintiff
The Totty Law Group, LLC
3020 Hartley Rd., Ste 300
Jacksonville, FL 32257
904.300.9738
jeffrey@tottylawgroup.com